UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                          NO. 3:24-CR-49-KHJ-LGI

ERNEST QUINTEZ CLARK

ORDER

Before the Court is Defendant Ernest Quintez Clark's [20] Motion to Dismiss. The Court denies the motion.

I.  Background

Clark has a prior felony conviction for aggravated assault with a firearm. Resp. [21] at 3. In 2023, when Clark was on supervised release for that offense, he allegedly possessed a loaded firearm. *See id.* at 2–3. The [3] Indictment charges Clark with knowingly violating 18 U.S.C. § 922(g)(1), which prohibits a person from possessing a firearm or ammunition "in or affecting commerce" if he "has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." *See also id.* § 924(a)(8).

Clark moves to dismiss the Indictment. [20]. Arguing that Section 922(g)(1) is unconstitutional, Clark raises (1) an as-applied Second Amendment challenge, (2) a Fifth Amendment equal-protection challenge, and (3) a Commerce Clause challenge. *See id.* at 2–14.

II.   Standard

Under Rule 12, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "The propriety of granting a motion to dismiss an indictment by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (cleaned up). If the motion involves a question of law, "then consideration of the motion is generally proper." *Id.* (quotation omitted). Rule 12 thus authorizes the Court to address a motion to dismiss "based on the resolution of a legal question in the presence of undisputed facts." *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005), *abrogated on unrelated grounds by Abramski v. United States*, 573 U.S. 169 (2014).

III.   Analysis

The Court must reject Clark's constitutional challenges.

First, the Court must reject Clark's as-applied Second Amendment challenge. *See* [20] at 2–12 (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)). Addressing a similar challenge, this Court concluded that it remains bound by pre-*Bruen* Fifth Circuit precedents upholding Section 922(g)(1). *See United States v. Brown*, No. 3:18-CR-117, 2024 WL 1076250, at *1–7 (S.D. Miss. Mar. 12, 2024). Clark presses the same arguments that the Court rejected in *Brown*. *Compare* Reply [22] at 1–4, *with Brown*, 2024 WL 1076250, at *3–6. Having considered all of Clark's arguments and authorities, the Court reaches the same conclusion that it

did in *Brown*. The Court incorporates that holding and Order by reference. *See Brown*, 2024 WL 1076250, at *1–7.

Second, the Court must reject Clark's Fifth Amendment equal-protection challenge. *See* [20] at 12–13. Clark argues that Section 922(g)(1) unevenly burdens his "fundamental right to keep and bear arms." *Id.* at 12. But under binding circuit precedents, a person with a felony conviction has no right to possess firearms. *See Brown*, 2024 WL 1076250, at *1–7; *see also, e.g., United States v. Darrington*, 351 F.3d 632, 634–35 (5th Cir. 2003) (rejecting equal-protection challenge); *United States v. Locket*, No. 22-072, 2023 WL 5153549, at *5 (S.D. Tex. Aug. 10, 2023) ("Section 922(g)(1) cannot be said to unevenly burden Second Amendment rights that do not exist."). Clark's equal-protection challenge therefore fails.

Finally, the Court must reject Clark's Commerce Clause challenge, which is foreclosed by Fifth Circuit precedents. *See* [20] at 13–14; *United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023) (per curiam) (citing *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013)).

As the law stands, Clark's constitutional challenges are foreclosed by binding Fifth Circuit precedents. The Court therefore denies the motion to dismiss.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Defendant Ernest Quintez Clark's [20] Motion to Dismiss.

SO ORDERED, this 12th day of June, 2024.

                                             s/ *Kristi H. Johnson*
                                             UNITED STATES DISTRICT JUDGE